# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RONALD SPRATT**                                                   **PLAINTIFF**

**v.**                              **No: 4:22-cv-00280-LPR-PSH**

**MARK GOBER,** *et al.*                                     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Ronald Spratt filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 25, 2022, while incarcerated at the Drew County Detention Facility (Doc.

No. 2).[1]  Because he did not sign or date his complaint, the Court instructed him to file a signed and dated complaint within 30 days.  Doc. No. 3.  The Court also instructed him to clarify his claims.  *Id.*  Spratt did not return a signed and dated complaint, and did not file an amended complaint as directed.  The Court then learned that Spratt was no longer listed on the roster at the Drew County Detention Facility, and as a result, entered a text order on May 2, 2022, directing Spratt to provide notice of his current mailing address within 30 days.  *See* Doc. No. 4.  He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed.  A printed version of the text order was sent to him at his last known address.  The text order was returned to the Clerk of the Court and entered on the docket as undeliverable.  *See* Doc. No. 5.  The envelope containing the order confirms that Spratt is no longer at that address.  *Id.*

More than 30 days have passed, and Spratt has not complied or otherwise responded to the May 2 text order.  Spratt failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2).  Accordingly, the Court finds that this action should be dismissed without

---

[1] In its initial order to Spratt, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address.  The Court also notified Spratt that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice.  Doc. No. 3.

prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Spratt's complaint (Doc. No. 2) be dismissed without prejudice.

DATED this 8th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE